UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendant. | Case No. 15-cv-02273-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

    This matter is before the Court on Defendant San Francisco State University's motion to dismiss the Complaint. After carefully considering the arguments of the parties in the papers submitted, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and hereby GRANTS IN PART and DENIES IN PART Defendant's motion, for the reasons set forth below.

**BACKGROUND**

    For the purposes of this motion to dismiss, the Court treats the following factual allegations as true. Plaintiff Linda Ellis was hired by San Francisco State University as a professor of Museum Studies in 1987. Compl. ¶ 6. In June of 2010, Plaintiff was diagnosed with a brain tumor, which developed from exposure to radiation from the Chernobyl disaster while she was working at an archeological dig in Romania in 1986. *Id.* ¶ 12. The tumor was removed the same month that it was discovered, in June of 2010. *Id.* ¶ 13.

    In May of 2014, Plaintiff received a letter from Defendant's Director of Faculty & Staff Relations Bryan Kauffman ("Kauffman"), placing her on temporary suspension pending a Fitness for Duty Independent Medical Examination. *Id.* ¶ 30. Kauffman's letter stated that the suspension was "due to the disruption of programs and/or operations of the University," but did not otherwise set forth the basis or justification for the exam. *Id.* ¶ 31.

The same day, Plaintiff received a second letter from Kauffman, purporting to provide her with evidence supporting the need for an examination. *Id.* ¶ 33. Through her independent research, Plaintiff discovered that the doctor who was scheduled to perform the examination was a psychologist, and therefore that the examination would be a psychological examination. *Id.* ¶ 40. Plaintiff responded to Defendant's letters by challenging the factual assertions therein, by stating the evidence did not justify the psychological examination that Defendant demanded, and by refusing to attend the examination. *Id.* ¶¶ 44, 49, 53.

Director Kauffman responded to Plaintiff's refusal by threatening disciplinary action. *Id.* ¶ 48. Kauffman stated that, in spite of Plaintiff's challenges to Defendant's justification, Plaintiff was "still required to attend the evaluation," and that she had "been provided all the information that is required of the University." *Id.* ¶ 50. Defendant rescheduled the examination two times. *Id.* ¶¶ 47, 58.

Plaintiff never attended a medical examination as demanded by Defendant. *Id.* ¶¶ 51, 61. In August of 2014, the University Provost sent Plaintiff a Notice of Dismissal, stating that her failure to submit to a medical examination "as determined necessary by San Francisco State University" was a "failure to perform the normal and reasonable duties of the position," justifying the termination of her employment. *Id.* ¶ 62. Plaintiff's termination became final on December 2, 2014. *Id.* ¶ 63.

After filing claims with the United States Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing, Plaintiff initiated this lawsuit, alleging that her termination for refusing to submit to a medical examination violated the Americans with Disabilities Act ("ADA") and California's Fair Employment and Housing Act ("FEHA"). *Id.* ¶¶ 64-108.

**LEGAL STANDARD**

Rule 12(b)(6) requires a court to dismiss a complaint when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To

survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A court considering a motion to dismiss is limited to the facts alleged in the pleadings; the presentation of "matters outside the pleadings" converts the motion to dismiss into a motion for summary judgment, unless the matters are excluded by the court. Fed. R. Civ. P. 12(d).

**DISCUSSION**

Plaintiff brings claims under the ADA and FEHA. As discussed below, Plaintiff's ADA claims are barred by Defendant's sovereign immunity, but Plaintiff has shown that an amended Complaint could properly state substantially similar claims under the Rehabilitation Act. Moreover, Plaintiff's ADA and FEHA allegations state plausible claims under a cognizable legal theory, so these claims will not be dismissed on this ground.

///
///
///

**I.       Plaintiff's ADA Claims are Barred by California's Sovereign Immunity**

Defendant argues that Plaintiff's ADA claims are barred by California's sovereign immunity. Mot. at 4 (Docket No. 10) (citing *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001)). Plaintiff concedes that these claims are barred as currently alleged. Opp'n at 2 (Docket No. 11). However, Plaintiff argues that Defendant accepted federal funds under the Rehabilitation Act, and thereby waived its sovereign immunity for claims brought under that statute. *Id.* at 3 (citing *Douglas v. Cal. Dept. of Youth Auth.*, 271 F.3d 812, 819-21 (9th Cir. 2001) ("hold[ing] that by accepting federal Rehabilitation Act funds, California has waived its sovereign immunity under the Rehabilitation Act.")). Plaintiff also argues that the Rehabilitation Act explicitly incorporates the "standards" of the ADA on which she bases her claims. Opp'n at 3 (citing 29 U.S.C. § 794(d)).

In its reply, Defendant argues that the Court should not grant leave to amend right now, because there is a split of authority regarding the extent of the Rehabilitation Act's incorporation of the ADA due to the fact that the Rehabilitation Act only refers to the "standards" of the ADA. Reply at 9 n.4 (Docket No. 12). Defendant's argument is unpersuasive. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The cases cited by Defendant differ on whether certain of the ADA's procedural limitations also apply under the Rehabilitation Act. *Compare Flynn v. Distinctive Home Care, Inc.*, No. 5:13-CV-0936-RP, 2015 WL 1004404, at *3-5 (W.D. Tex. Mar. 3, 2015) (holding that the ADA's bar on claims by independent contractors applied to Rehabilitation Act claims), *with Adams v. District of Columbia*, 740 F. Supp. 2d 173, 181-83 (D.D.C. 2010) (holding that the ADA's exhaustion requirement did not apply to Rehabilitation Act claims). However, Defendant provides no authority questioning whether the Rehabilitation Act incorporated the *substantive prohibitions* of the ADA, as opposed to the procedural limitations discussed in the cases cited above. To the contrary, Defendant's cases suggest that substantive prohibitions were the least that Congress intended to incorporate. *E.g.*, *Fleming v. Yuma Regional Med. Ctr.*, 587 F.3d 938, 943 (9th Cir. 2009) ("When Congress said that the Rehabilitation Act should use the

4

"standards" applicable to employment discrimination claims brought under Title I, we think Congress meant for us to refer to Title I for guidance in determining whether the Rehabilitation Act was violated, but we do not think that Congress meant to restrict the coverage of the Rehabilitation Act."); *Adams*, 740 F. Supp. 2d at 182. It is the substantive prohibitions that Plaintiff argues are incorporated here, and Defendant does not argue that any of the ADA's procedural limitations apply to bar Plaintiff's Rehabilitation Act claims.

The Court agrees that Plaintiff's ADA claims are barred as currently alleged, but Plaintiff has demonstrated that amendment of these claims is appropriate, because they may properly be alleged under the Rehabilitation Act. Plaintiff's ADA claims are therefore DISMISSED, but Plaintiff is permitted to file an amended Complaint under the Rehabilitation Act.

## II. Plaintiff has Otherwise Stated ADA and FEHA Claims

Defendant also argues that all of Plaintiff's claims fail because she has not alleged facts for which there is a cognizable legal theory that would entitle her to relief. Mot. at 4-5. Defendant's argument fails.

Under the ADA, "[an employer] shall not require a medical examination . . . unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4). "[T]he business necessity standard 'is quite high, and is not to be confused with mere expediency.'" *Brownfield v. City of Yakima*, 612 F.3d 1140, 1146 (9th Cir. 2010) (quoting *Cripe v. City of San Jose*, 261 F.3d 877, 890 (9th Cir. 2001)). The question is whether "the employer is faced with 'significant evidence that could cause a reasonable person to inquire as to whether an employee is still capable of performing his job.'" *Brownfield*, 612 F.3d at 1146 (quoting *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 811 (6th Cir. 1999)). "[T]]his test is objective," and "[t]he employer bears the burden of demonstrating business necessity." *Brownfield*, 612 F.3d at 1146.

///

///

The ADA also prohibits retaliation in the form of "discriminat[ion] against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. 12203(a).

The FEHA states a very similar rule regarding medical examinations. "It is an unlawful employment practice . . . for any employer or employment agency to require any medical or psychological examination of an employee." Cal. Gov. Code § 12940, (f)(1). However, "an employer . . . may require any examinations or inquiries that it can show to be job related and consistent with business necessity." *Id.* § 12940(f)(2).

Here, Plaintiff alleged that Defendant sent her a letter requiring her to attend a "Fitness for Duty Independent Medical Examination." Compl. ¶ 30. She alleged that Defendant also sent her another letter that purported to provide her with the evidence supporting the need for an examination. *Id.* ¶ 33. However, she alleged that she refused to attend the examination because Defendant did not sufficiently justify its need. *Id.* ¶¶ 49, 53. She alleged that the Director of Faculty & Staff Relations responded that she was "still required to attend the evaluation," and that she had "been provided with all of the information that is required of the University." *Id.* ¶ 50. She alleged that Defendant thereafter terminated her for refusing to submit to the examination. *Id.* ¶ 62. These allegations state plausible claims under the ADA and FEHA provisions discussed above.

In challenging the allegations, Defendant first argues that the Court should consider the substance of the letter it sent Plaintiff, because the evidence in that letter is sufficient to justify its demand for a medical examination. Mot. at 3 n.1. However, the evidence in that letter is a matter outside the pleadings, and the Court cannot consider it without converting this motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). The Court therefore excludes Defendant's evidence in this letter from its consideration of Defendant's motion to dismiss.

Defendant next argues that the law does not entitle Plaintiff to refuse to submit to a lawfully demanded medical examination. Mot. at 5. Although she does not say so explicitly, Plaintiff appears to agree that Defendant could terminate her for her failure to

6

submit to a lawfully demanded examination. *See* Opp'n at 5. As Plaintiff points out, however, this argument begs the question of whether Defendant's demand for an examination was lawful.

Plaintiff's allegations plausibly state a claim that the demand was not lawful. Plaintiff alleged that she refused to attend a medical examination because Defendant did not adequately show that the demand was supported by a business necessity, or that the examination would be job-related. It is plausible that an employer would demand that an employee submit to a medical evaluation when such an examination is not legally justified – such an improper examination could be demanded for "mere expediency" if the employer is having a personnel dispute, or, less generously, out of personal animosity toward the employee. Recognizing that the demand must be justified is not to say that an employee can keep refusing to submit to an examination so long as she is not subjectively persuaded that it is necessary. It is only to recognize that an employer's demand must be objectively reasonable, and Plaintiff has plausibly alleged that it was not reasonable in this case.

Whether or not Defendant's demand was justified is ultimately a question of fact, the resolution of which will turn on the weight of the evidence. Such questions are not properly resolved by a motion to dismiss, especially where, as here, the defendant has the burden of showing that the demand was lawful.

In short, if Defendant shows that the demand for a medical examination was job-related and consistent with a business necessity, then it was lawful for it to terminate Plaintiff's employment after she refused to attend the examination. On the other hand, if Defendant does not show that the examination was job-related and consistent with a business necessity, then Plaintiff was entitled to refuse to attend it, and it was unlawful for Defendant to terminate her employment. Plaintiff plausibly alleged the latter, and the Court will not reject her allegations by weighing the evidence on a motion to dismiss.

///

///

**CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss Plaintiff's ADA claims is GRANTED without prejudice to these claims being realleged under the Rehabilitation Act. Plaintiff shall file an amended Complaint no later than two weeks from the entry of this order. Failure to amend the Complaint by that time will result in the dismissal of these claims with prejudice. Defendant's motion is otherwise DENIED.

**IT IS SO ORDERED.**

Dated:   07/07/15   _____
THELTON E. HENDERSON
United States District Judge