KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
FIEL D. TIGNO, State Bar No. 161195
Supervising Deputy Attorney General
MICHAEL D. GOWE
Deputy Attorney General
State Bar No. 226989
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 622-2201
 Fax:  (510) 622-2121
 E-mail:  Michael.Gowe@doj.ca.gov
*Attorneys for Defendant Board of Trustees of the California State University*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LINDA ELLIS,<br><br>                                    Plaintiff,<br><br>     v.<br><br>SAN FRANCISCO STATE UNIVERSITY, et al.,<br><br>                                    Defendants. | C-15-02273-TEH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**<br><br>Date:            December 14, 2015<br>Time:           10:00 a.m.<br>Courtroom:   2<br>Judge:          Hon. Thelton E. Henderson<br>Trial Date:    N/A<br>Action Filed: May 20, 2015 |

**NOTICE OF MOTION/MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT, on December 14, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, San Francisco Division, in Courtroom 2 at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Thelton E. Henderson, Defendant Board of Trustees of California State University, which is the State of California acting in its higher education capacity (erroneously sued as "San Francisco State University"), will and hereby does move the Court for partial summary judgment of Plaintiff Linda Ellis' amended complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and other related documents filed in connection with this motion, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

**RELIEF SOUGHT**

Defendant moves the Court to grant partial summary judgment under Federal Rules of Civil Procedure, Rule 56, against Ellis' Third Cause of Action. Because section 43404 of the California Code of Regulations has not been preempted by the Americans with Disabilities Act or repealed by the Fair Employment and Housing Act, the Court should dismiss Ellis' Third Cause of Action with prejudice.

**ARGUMENT**

In her Third Cause of Action, Plaintiff Linda Ellis contends that section 43404 of the California Code of Regulations was superseded by the Americans with Disabilities Act and the Fair Employment and Housing Act. Her sole basis for this contention is that section 43404—which permits the university to require fitness-for-duty examination of its employees—does not expressly reference language from either statute that requires such examinations to be "job-related" and "consistent with business necessity."[1] *See* Amended Complaint, Doc. #14, ¶ 82.

---

[1] Section 43404 provides in relevant part: An "employee may be required to submit to medical examination by a physician or physicians designated by the appointing power to evaluate
(continued…)

1

Ellis believes that, absent similar language in the regulation, section 43404 must be in conflict with the ADA and the FEHA. The Court should dismiss Ellis' Third Cause of Action, however, because there in no conflict between the regulation and the statutes—they operate in harmony.

In deciding this partial motion for summary judgment, the Court must start from the presumption that *no* such conflict exists—either due to preemption by the ADA or implied repeal by the FEHA. *See Bldg. & Trades Council of Metro. Dist. v. Associated Builders & Contractors of Mass.,* 507 U.S. 218, 224 (1993) ("We are reluctant to infer pre-emption … Consideration under the Supremacy Clause starts with the basic assumption that Congress did not intend to displace state law"); *Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154 (1976) ("It is, of course, a cardinal principle of statutory construction that repeals by implication are not favored.").

Evidence of a conflict must be "clear" before preemption or repeal may be considered. *English v. Gen. Elec. Co.,* 496 U.S. 72, 90 (1990) ("The teaching of this Court's decisions enjoins seeking out conflicts between state and federal regulation where none clearly exists.") (internal citation omitted); *Rodriguez v. U.S.,* 480 U.S. 522, 524 (1987) (repeals by implication will not be found unless an intent to repeal is "clear and manifest"; the court can infer clear and manifest intent from the existence of an "irreconcilable conflict").

Nothing in the language of section 43404 conflicts with fitness-for-duty examination requirements under the ADA or the FEHA. Ellis cannot establish a conflict merely by arguing that a medical examination under section 43404 could *possibly* violate the ADA and FEHA. To constitute an irreconcilable conflict with the ADA or FEHA, it must be clear from the language of the regulation that a fitness-for-duty examination under section 43404 will *always* violate the ADA or FEHA. In other words, plaintiff must show that it would be impossible to comply with

---

(…continued)
whether or not the employee is disabled from performing the duties of the position." Cal. Code Reg., title 5, div. 5, § 43404.
  The ADA provides: "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(1)(4).
  The FEHA provides in relevant part: "[A]n employer or employment agency may require any examinations or inquiries that it can show to be job related and consistent with business necessity." Gov't Code § 12940(f)(2).

section 43404 without violating the ADA or FEHA. *See Draper v. Chiapuzio*, 9 F.3d 1391, 1393 (9th Cir. 1993) (under preemption, "the test is whether compliance is impossible, not whether noncompliance is possible."). Conflict preemption by a federal statute only exists if there is an "actual conflict," either because compliance with both federal and state law is "a physical impossibility," or "because the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Cal. Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 281 (1987). In the event of any ambiguity as to whether a conflict exists, the Court is "obliged to attempt to harmonize these laws if reasonably possible." *American Petroleum Inst. v. Cooper,* 718 F.3d 347, 354 (4th Cir. 2013).

Likewise, in deciding whether there is an implied repeal of a California state regulation by a state statute, the Court's duty is to harmonize both pieces of legislation, as the two must be construed together and effect given, if possible, to both. *See Collins v. Overnite Trans. Co.,* 105 Cal.App.4th 171, 178 (2003); *Williams v. Super. Ct.,* 230 Cal.App.4th 636, 658 (2014); *see also Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1225 (11th Cir. 2014) (the court must "assiduously attempt" to construe two pieces of legislation in harmony before concluding that one impliedly repeals the other); *Collins,* 105 Cal.App.4th at 179 (a court will find implied repeal only when the legislation is "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation").

Here, the ADA and the FEHA do not prohibit fitness-for-duty examinations generally, but only those that fail to be job-related or consistent with business necessity. In this way, section 43404 and the statutes operate in harmony: The regulation merely operates to authorize the university to require the examinations; the ADA and the FEHA both operate to ensure that any such examination is job-related and consistent with business necessity. There is certainly nothing in the regulation that permits examinations that are inconsistent with business necessity or unrelated to the employee's job.

In requiring a fitness-for-duty examination, the university operates under *all* of the applicable federal and state laws. Speculation that the university's examination *could possibly* violate the ADA or FEHA is insufficient to establish an actual or irreconcilable conflict between

3

the regulation and the statutes. The Court should grant the defendant's partial motion for summary judgment as a matter of law.

### I. SECTION 43404 IS CONSISTENT WITH THE ADA.

Section 43404 is consistent with the ADA because the regulation in no way mandates that fitness-for-duty examinations lack job-relatedness or be inconsistent with business necessity. The ADA would only preempt section 43404 if such an irreconcilable conflict between them existed.

In deciding whether preemption exists, the Court's "sole task is to ascertain the intent of Congress." *Cal. Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 280 (1987). A federal statute's preemption of state law is either express or implied, and occurs in one of three ways: "by express statement, by occupying a field, or by conflicting with state law." *Malabed v. N. Slope Borough,* 335 F.3d 864, 869 (9th Cir. 2003). Because none of the three forms of preemption exist here, it is clear that Congress did not intend for the ADA to preempt section 43404.

First, there is no language in the ADA where Congress expressly preempted section 43404 and similar state law. *Guerra,* 479 U.S. at 280 ("when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms"). Second, the ADA does not "occupy the field" of law involving disability discrimination or fitness-for-duty exams. *See id.* ("Congressional intent to pre-empt state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation"). The ADA does not preempt any federal, state, or local law that provides equal or greater protection for the rights of individuals with disabilities. *See* 42 USC § 12201(b). In fact, the ADA has no bearing on fitness-for-duty examinations that are job-related and consistent with business necessity. The ADA leaves intact federal and state laws that otherwise permit employers to require fitness-for-duty examinations of their employees.

And there is no *inference* of any displacement, as section 43404 is not in "actual conflict" with the ADA. *Guerra,* 479 U.S. at 281 ("As a third alternative, in those areas where Congress has not completely displaced state regulation, federal law may nonetheless pre-empt state law to

4

the extent it actually conflicts with federal law."). "Such a conflict occurs either because compliance with both federal and state regulations is a physical impossibility, or because the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* In this context, the Court must "distinguish those situations in which the concurrent exercise of a power by the Federal Government and the States ... *may* possibly lead to conflicts and those situations where conflicts *will* necessarily arise." *Chevron U.S.A., Inc. v. Hammond,* 726 F.2d 483, 501 (9th Cir. 1984). A hypothetical conflict is insufficient to establish preemption—"it will be time to consider any future conflicts if and when they arise." *Id.*

Ultimately, the preemption doctrine is inapplicable because there is no actual conflict between the ADA and section 43404. Section 43404 is not an anti-discrimination statute; it does not conflict with the ADA by reducing the ADA's protection to disabled employees. Instead, section 43404—like its federal counterpart—is merely a regulation that operates to authorize a government employer to require fitness-for-duty examinations in particular circumstances. The regulation is similar to other state and federal law that authorize fitness-for-duty examinations for government employees. *See, e.g.,* Gov't Code § 19253.5 (authorizing fitness-for-duty examinations for state civil service employees).

Federal agencies, for example, are authorized to conduct fitness-for-duty examinations of federal employees under Code of Federal Regulations section 339.301, entitled "Authority to require an examination." Section 339.301 provides that a federal agency may require a medical examination of an employee where the employee "has applied for or occupies a position which has medical standards or physical requirements." 5 C.F.R. § 339.301(b). In such a context, the examination can be required in three circumstances:

> (1) Prior to appointment or selection (including reemployment on the basis of full or partial recovery from a medical condition);
>
> (2) On a regularly recurring, periodic basis after appointment; or
>
> (3) Whenever there is a direct question about an employee's continued capacity to meet the physical or medical requirements of a position.

5 C.F.R. § 339.301(b).

With respect to psychological examinations, the regulation provides that such examinations may required only when:

> (i) The result of a current general medical examination which the agency has the authority to order under this section indicates no physical explanation for behavior or actions which may affect the safe and efficient performance of the individual or others, or
>
> (ii) A psychiatric examination is specifically called for in a position having medical standards or subject to a medical evaluation program established under this part.

5 C.F.R. § 339.301(e)(1).

The regulation restricts the scope of psychological examinations to those:

> [Within] accepted professional standards, by a licensed practitioner or physician authorized to conduct such examinations, and may only be used to make legitimate inquiry into a person's mental fitness to successfully perform the duties of his or her position without undue hazard to the individual or others.

5 C.F.R. § 339.301(e)(2).

Like section 43404, there is no language in section 339.301 expressly limiting such medical and psychological examinations to those that are "job-related" and "consistent with business necessity."  This requirement is under the ADA and a separate regulation under a different title: 29 C.F.R. § 1630.14(c) ("Examination of employees. A covered entity may require a medical examination [and/or inquiry] of an employee that is job-related and consistent with business necessity. A covered entity may make inquiries into the ability of an employee to perform job-related functions.")  Under section 339.301 itself, federal agencies are free to require medical fitness-for-duty examinations so long as the employee's position contains "medical standards or physical requirements" and the examinations are either regularly occurring or prompted by "a direct question" concerning the "employee's continued capacity to meet the physical or medical requirements of a position."  The only language in section 339.301 bearing on "job-relatedness" and "business necessity" is that regarding the employee's "capacity" to meet the "medical and physical requirements of the position."  This is akin to the language in section 43404, where the

examination's scope is limited to that which "evaluate[s] whether or not the employee is disabled from performing the duties of the position."[2]  *See* Cal. Code Reg., title 5, div. 5, § 43404.

Enacted in 1989, section 339.301—like section 43404—predates the ADA and has not been amended since the ADA's enactment in 1990.[3]  Moreover, courts have analyzed section 339.301 examinations under the ADA without treating them as in conflict. For example, as recently as 2010, a United States District Court for the Southern District of California ruled that a series of pre-examination questions required of the plaintiff-employee was without sufficient "business necessity" and therefore violated the ADA. *Scott v. Napolitano,* 717 F.Supp.2d 1071, 1085 (S.D. Cal. 2010). The examination in question was required by the Federal Protective Service, the plaintiff's employer, under section 339.301. *Id.* at 1078.

Although there does not appear to have been any argument or analysis regarding a conflict between the regulation and the ADA, as is at issue here, it is noteworthy that the court focused not on the language of the enabling regulation, but instead *on the scope of the actual examination* to determine whether there was a violation or conflict with the ADA. *See id.* at 1084 ("Upon review of the questions, the Court concludes that the questions were disability-related inquiries that were not narrowly tailored to assessing whether Plaintiff could perform the essential functions of his job."). Indeed, the court made clear that, in general, "fitness-for-duty exams are

---

[2] The federal regulations regarding fitness-for-duty examinations mirror section 43404 in other ways as well. Both require that the agency pay for the examination and provide the employee with access to a copy of the results, and to further allow for the employee to submit medical information from his or her personal physician for consideration. *Compare* 5 C.F.R §§ 339.304 (exam payment), 339.303(b) (personal physician information), and 339.305(b) (report access) *with* Cal. Code Reg., title 5, div. 5, § 43404. And where the federal regulations require that any consequences for the employee's failure to cooperate be communicated to the employee in advance, section 43404 explicitly provides that any failure to submit to the examination "shall constitute a failure or refusal to perform the normal and reasonable duties of the position." *Compare* 5 C.F.R. § 339.303(a) *with* Cal. Code Reg., title 5, div. 5, § 43404.

[3] Where section 43404 applies to university employees, Government Code section 19253.5 applies to state civil service workers generally. It contains similar language as to section 43404 ("An appointing power may require an employee to submit to a medical examination by a physician or physicians designated by the appointing power to evaluate the capacity of the employee to perform the work of his or her position."), but makes no reference to the examination being "job-related" or "consistent with business necessity." *See* Gov't Code § 19253.5(a). Government Code section 19253.5 has been amended multiple times since the enactment of both the ADA and the FEHA, but the Legislature has seen fit to leave its language intact. *See* Gov't Code § 19253.5, referencing amendments in 1999, 2011, 2012, and 2013.

permissible as long as they are 'job related and consistent with business necessity.'" *See id.* at 1083, *citing* to ADA regulation 29 C.F.R. § 1630.14(c).

As suggested by the *Scott* case, section 43404, like its federal counterpart, need not expressly include language that parrots the ADA. Rather, these laws perform different functions and never conflict; only the particular examination in question can "conflict" with and therefore violate the ADA. Section 43404 examinations that are job-related and consistent with business necessity do not violate the ADA. In this way, section 43404 examinations can operate in harmony with the ADA.

## II. SECTION 43404 IS CONSISTENT WITH THE FEHA.

As with the ADA, section 43404 operates in harmony with the FEHA. Nothing in the FEHA expressly repeals section 43404. *See* Gov't Code § 12993(a), (c); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal.4th 88, 110 (2008) ("the FEHA does not displace other state laws"). Nor does the FEHA "occupy the field" within state law in protecting employees with disabilities or in authorizing agencies to require fitness-for-duty examinations. *See Rojo v. Kliger,* 52 Cal.3d 65, 78-79 (1990) (holding that the FEHA does not "occupy the field" of discrimination protection and only preempts local, as opposed to state law).

Absent such displacement, then, the only way that the FEHA can be inferred to repeal section 43404 is if the regulation and statute actually conflict. Quasi-legislative regulations such as section 43404 are "construed in accordance with the ordinary principles of statutory interpretation." *See Collins v. Overnite Trans. Co.,* 105 Cal.App.4th 171, 178 (2003) (considering whether California statute impliedly repealed quasi-legislative wage orders). A court's duty is to harmonize legislation if reasonably possible. *Id*. at 180. "All presumptions are against a repeal by implication." *Id.* "Absent an express declaration of legislative intent" a court will find implied repeal "only when there is no rational basis for harmonizing the two potentially conflicting statutes, and the statutes are irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." *Id*. at 179. "A new statute is not construed as an 'implied repeal' unless it is clear that the later enactment is intended to supersede the existing

8

law; rather, the two must be construed together, and effect given, if possible, to both." *Williams v. Super. Ct.,* 230 Cal.App.4th 636, 658 (2014).[4]

As with the ADA, section 43404 and the FEHA can have "concurrent operation" and are in no way irreconcilable. Section 43404 merely authorizes the university to require a fitness-for-duty examination. Such examinations are entirely lawful under state law. The FEHA only works to ensure that no such examination lacks job-relatedness or sufficient business necessity. The FEHA's general coverage in prohibiting discrimination against a variety of protected categories in no way is defeated or undermined by section 43404. As the Ninth Circuit observed: a later, general statute only repeals an earlier, more narrow statute when the two statutes expressly contradict or when the new statute can only have meaning if the earlier statute is repealed. *Ledezma-Galicia v. Holder,* 636 F.3d 1059, 1070 (9th Cir. 2010) (emphasis added), *quoting Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662 (2007).

Put another way, there are "two well-settled categories of repeals by implication—(1) where provisions in the two acts are in irreconcilable conflict ...; and (2) [where] the later act covers the whole subject of the earlier one and is clearly intended as a substitute." *Id., quoting Radzanower v. Touche Ross & Co.,* 426 U.S. 148, 154 (1976). As discussed above, the FEHA and section 43404 do not irreconcilably conflict and can operate in harmony simply by giving plain meaning to their express terms. Moreover, nothing about the FEHA is intended to replace section 43404. The FEHA is not an enabling statute, granting government agencies the authority to mandate fitness-for-duty examinations. The FEHA presumes such authority exists for a given private or public entity—the point of the statute is to ensure that, *when* such examinations are

---

[4] The federal approach to implied repeal is identical. For example, as concisely described by the Eleventh Circuit, the Court "must assiduously attempt to construe two statutes in harmony before concluding that one impliedly repeals the other. The Supreme Court has instructed that repeals by implication may only be found when Congress's intent to repeal is clear and manifest. We may infer clear and manifest intent from the existence of an irreconcilable conflict. There must be a positive repugnancy between the provisions of the new law, and those of the old; and even then, the old law is repealed by implication, only *pro tanto,* to the extent of the repugnancy. We also may find an implied repeal when the later act covers the whole subject of the earlier one and is clearly intended as a substitute. Still, it is not enough to establish that a later law covers some or even all of the cases provided for by an earlier law, because the subsequent statute "may be merely affirmative, or cumulative or auxiliary." *Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1225 (11th Cir. 2014) (internal citations omitted).

required, they are job-related and consistent with business necessity. In this way, the FEHA and section 43404 interconnect and compliment each other.

Just as a private employer need not announce in writing that any fitness-for-duty examination required of its employees will be job-related and consistent with business necessity, section 43404 is also not required to parrot the FEHA to be valid. The laws perform different functions and compliment each other in their respective purposes. The university—which operates under a host of federal and state laws covering a wide range of issues—conforms its practices to not only section 43404, but any applicable law, including the FEHA. The university does not myopically operate under only one to the exclusion of the other, as Ellis seems to suggest. Whether the particular examination that she was subject to would have been job-related or consistent with business necessity is a separate issue and has nothing to do with section 43404's language. Any dispute that Ellis may have with her examination, then, lies not with section 43404 but the examination itself.

## CONCLUSION

Ellis' Third Cause of Action for declaratory relief is misplaced. There is no conflict between section 43404 and the anti-discrimination statutes. These laws perform different functions and operate in harmony within the broader range of federal and state employment law. The Court should grant the university's partial motion for summary judgment and dismiss Ellis' Third Cause of Action as a matter of law.

Dated:  November 9, 2015                           Respectfully Submitted,

                                                   KAMALA D. HARRIS
                                                   Attorney General of California


                                                    /s/ Michael D. Gowe
                                                   MICHAEL D. GOWE
                                                   Deputy Attorney General
                                                   *Attorneys for Defendant Board of Trustees*

OK2015900357
Final Motion for Partial Summary Judgment_1.doc