KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
FIEL D. TIGNO, State Bar No. 161195
Supervising Deputy Attorney General
MICHAEL D. GOWE
Deputy Attorney General
State Bar No. 226989
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 622-2201
  Fax:  (510) 622-2121
  E-mail:  Michael.Gowe@doj.ca.gov
*Attorneys for Defendant Board of Trustees of the
California State University*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LINDA ELLIS,**<br><br>                           Plaintiff,<br><br>v.<br><br>**SAN FRANCISCO STATE UNIVERSITY, et al.,**<br><br>                          Defendants. | C-15-02273-TEH<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:          December 14, 2015<br>Time:         10:00 a.m.<br>Courtroom:  2<br>Judge:        Hon. Thelton E. Henderson<br>Trial Date:   N/A<br>Action Filed: May 20, 2015 |

# ARGUMENT

In her motion for partial summary judgment, Plaintiff Linda Ellis correctly observes that this dispute is one of first impression—there does not appear to be any case, reported or otherwise, in which a plaintiff has made a claim that section 43404 was superseded by the ADA and the FEHA. To prevail on such a claim, a plaintiff would have to convince a court to ignore elementary statutory analysis as well as entire bodies of state and federal law regarding preemption and implied repeal. Ellis attempts to convince the Court of this approach by narrowly focusing her argument on the word, "duties," in section 43404 and contrasting that word with the phrase, "essential functions," set forth in those state and federal regulations that interpret the ADA and the FEHA. Ellis argues that, because "duties" can have a broader meaning than "essential functions," a fitness-for-duty examination under section 43404 must, in all cases, violate the ADA and FEHA.

Ellis's argument is wrong because, as discussed extensively in the university's motion, section 43404 examinations can operate in compliance with the ADA and FEHA notwithstanding this difference in language—accordingly, there is no conflict between the regulation and those statutes that would require preemption or an implied repeal of section 43404. Ellis's argument also ignores common sense because the university operates under *all* applicable federal and state law, not just section 43404—and nothing about section 43404 suggests otherwise. Section 43404 merely authorizes the university, a public entity deriving its authority from state statutes and California State University's operating regulations, to require fitness-for-duty examinations of its employees: "Any permanent, probationary, or Management Personnel Plan employee *may* be required to submit to medical examination …." Cal. Code Reg., title 5, div. 5, § 43404 (emphasis added). The ADA and the FEHA, in turn, operate to ensure that every fitness-for-duty examination is both job-related and consistent with business necessity. There is nothing unusual about this interrelationship between various parts of state and federal law, certainly nothing warranting judicial intervention.[1]

---

[1] Ellis misses the point by attacking the regulation at all. Federal and state courts generally analyze a public employer's basis for requiring the examination without regard to the
(continued…)

1  To create the appearance of a controversy requiring the Court's intervention, however, Ellis's opposition focuses on the word, "duties," in the following portion of section 43404:

> Any permanent, probationary, or Management Personnel Plan employee may be required to submit to medical examination by a physician or physicians designated by the appointing power to evaluate whether or not the employee is disabled from performing the *duties* of the position.

Cal. Code Reg., title 5, div. 5, § 43404 (emphasis added).  Ellis latches onto the word "duties" to argue that the regulation somehow authorizes the university to require fitness-for-duty examinations that evaluate marginal duties or duties that are less than "essential functions."

But the general authorization to evaluate an employee's ability to perform her "duties" in no way forecloses actual testing parameters that are confined to assessing her performance of the position's "essential functions."  And nothing in section 43404 expressly requires or authorizes the university to structure a fitness-for-duty examination to assess something other than the employee's capacity to perform the essential functions of her position.  It is Ellis and Ellis alone that makes the leap from "duties" to "marginal functions" and beyond.  *See* Plaintiff's Motion, Doc #28, pp. 7:17-27 to 8:1-11.  Ellis's claim here fails because this leap is purely speculative and its realization is not certain in any instance, let alone in every instance.

Ellis's claim, at its core, is not that the ADA and the FEHA conflict with section 43404, but that the university *could* interpret and apply section 43404 in a way that completely disregards those statutes.  Why the university would interpret its own regulation to violate federal and state statute is left unexplained, and Ellis, of course, provides no evidence that the university has ever done so.  Nonetheless, for the ADA and the FEHA to have superseded section 43404, the

---

(…continued)
phrasing in the enabling law—focusing instead on the specific facts of the case. *See, e.g., White v. County of Los Angeles,* 225 Cal.App.4th 690, 699, 706-707 (2014); *Yin v. State of Cal.*, 95 F.3d 864, 868-869 (9th Cir. 1996).  That the courts in the cited cases did not address the enabling law's language ("duties" and "work" respectively), yet nonetheless resolved the dispute of whether the examinations were valid under the ADA, shows that the question of job-relatedness and business necessity is properly answered by the particular facts of the case.  The enabling law is immaterial—Ellis's focus on "duties" is therefore misplaced.  This distinction between the underlying law and the to-be-developed facts is consistent with the Court's central point in permitting this case to move beyond the pleadings. *See* Order re motion to dismiss, Doc. #13, p. 7:16-17, 20-25.

university's intent or practice in applying the regulation is irrelevant.  Instead, what matters is whether the university would find it *impossible* to operate under the regulation and to also comply with the statutes.  See *Cal. Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 281 (1987) (conflict preemption "occurs either because compliance with both federal and state regulations is a physical impossibility, or because the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress"); *Rodriguez v. U.S.,* 480 U.S. 522, 524 (1987) (repeals by implication will not be found unless an intent to repeal is "clear and manifest"; the court can infer clear and manifest intent from the existence of an "irreconcilable conflict").  Only then is there an *irreconcilable* conflict between the regulation and the statutes.  See *Collins v. Overnite Trans. Co.,* 105 Cal.App.4th 171, 179 (2003) (a court will find implied repeal only when the legislation is "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation").

    In her motion, Ellis fails to consider the law on preemption and repeal entirely.  She fails to consider that the Court's role is to interpret the regulation and statutes in harmony and, if possible, in a way that gives effect to both.  See *Collins v. Overnite Trans. Co.,* 105 Cal.App.4th 171, 178, 180 (2003); *Williams v. Super. Ct.,* 230 Cal.App.4th 636, 658 (2014) (the two laws "must be construed together, and effect given, if possible, to both"); *see also Ray v. Spirit Airlines, Inc.,* 767 F.3d 1220, 1225 (11th Cir. 2014) (the court must "assiduously attempt" to construe two pieces of legislation in harmony before concluding that one impliedly repeals the other).  That section 43404 lacks the language already contained in the ADA and the FEHA is of no consequence—the regulation has a different function than that of the statutes, and all can coexist without conflict.  See Plaintiff's Motion, Doc#28, p. 8:5-6 (Section 43404's "language is overbroad and does not contain the protections of state or federal law.")  As Ellis notes, the "ADA is intended to provide the floor of protections across the country."  See Plaintiff's Motion, Doc#28, p. 8:6-7.  That is indeed its function in terms of protecting individuals with disabilities and it can do so without interference from section 43404, as section 43404 does not purport to provide more or less protection at all.  Instead, it merely enables the university to require a fitness-for-duty examination.  When doing so, the university must also comply with any

applicable state or federal law.  There is nothing in section 43404 that would authorize or require the university to ignore the ADA and FEHA.[2]

It is undisputed that the university violates no law in merely requiring a fitness-for-duty examination of an employee.  *See, e.g., Brownfield v. City of Yakima,* 612 F.3d 1140, 1149 (9th Cir. 2010) (ADA permits preemptive psychological fitness-for-duty examinations where there is "genuine reason to doubt whether that employee can perform job-related functions").  And it is clear that section 43404 in no way *requires* that the university utilize fitness-for-duty examinations that lack job-relatedness and business necessity.  All that Ellis argues here is that it is *possible* that a section 43404 examination may be neither job-related nor consistent with business necessity.

In deciding this motion, the Court must "distinguish those situations in which the concurrent exercise of a power by the Federal Government and the States ... *may* possibly lead to conflicts and those situations where conflicts *will* necessarily arise."  *Chevron U.S.A., Inc. v. Hammond,* 726 F.2d 483, 501 (9th Cir. 1984).  The core question for preemption and repeal is whether there will *always* be a conflict between the regulation and the statutes—it is not enough that any particular examination *may* lack job-relatedness or be inconsistent with business necessity.  Ellis's speculation is insufficient to establish that section 43404 examinations inherently violate the ADA and the FEHA; her preemption and repeal arguments therefore fail.  The Court should deny Ellis's partial motion for summary judgment as a matter of law and dismiss her Third Cause of Action.

---

[2] And that is how state and federal law as a whole functions—if there is no conflict, all applicable law is to be applied and interpreted in harmony.  Thus, for example, although the California Attorney General's Office is authorized by a 1945 statute to hire and employ deputy attorneys general like the undersigned, the agency must also ensure that it does so in compliance with Title VII, the ADA, the ADEA, etc.—even though the enabling statute's language is, in Ellis's view perhaps, "overbroad and does not contain" the protections of those federal anti-discrimination statutes.  *See* Gov't Code § 12502 ("The Attorney General may appoint and fix the salaries of such … Deputy Attorneys General … as he deems necessary for the proper performance of the duties of his office.").  Redundancy as envisioned by Ellis here is unnecessary—each of these statutes can easily be interpreted to function in harmony.  *See, e.g., Currie v. Worker's Comp. Appeals Bd.,* 24 Cal.4th 1109, 1116 (2001) (failure of Labor Code statute that provides for reimbursement of lost wages to include explicit reference to prejudgment interest award "is not significant" because California Legislature provided for such an award "elsewhere" and generally in Civil Code).

Dated: November 23, 2015                Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California


/s/ Michael D. Gowe
MICHAEL D. GOWE
Deputy Attorney General
*Attorneys for Defendant Board of Trustees of the California State University*

OK2015900357
Def's Opp to Plaintiff's Motion.doc

5