Noah D. Lebowitz [SBN 194982]
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: noah@dplolaw.com

Attorneys for Plaintiff
LINDA ELLIS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

(San Francisco Division)

| | |
|---|---|
| LINDA ELLIS,<br><br>   Plaintiff,<br><br>v.<br><br>SAN FRANCISCO STATE UNIVERSITY, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. C-15-02273 TEH<br><br>**PLAINTIFF'S REPY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: THIRD CAUSE OF ACTION AND AFFIRMATIVE DEFENSE NO. 47**<br><br>Date:         December 14, 2015<br>Time:        10:00 a.m.<br>Courtroom: 2, 17th Floor<br>Judge:       Hon. Thelton E. Henderson |

## I. SFSU IGNORES AN ENTIRE THREAD OF APPLICABLE PREEMPTION JURISPRUDENCE – WHEN AN EXISTING STATUTE OR REGULATION ACTS AS AN OBSTACLE TO THE ACCOMPLISHMENT OF CONGRESSIONAL INTENT

When Congress enacted the Americans with Disabilities Act ("ADA"), it expressly swept away all existing laws that failed to provide *at least* as much protection as prescribed by the Act. 42 U.S.C. § 12201(b); 29 C.F.R. § 1630.1(c)(2). Congress intended the ADA to form the floor of protections for employees; any statute that fell beneath that floor was superseded. Section 43404 of Title 5 of the California Code of Regulations falls below that floor in that it fails to provide the minimum protections required by the ADA for employees undergoing employer-mandated medical examinations.

In its opposition, Defendant San Francisco State University ("SFSU") focuses its entire argument on one of the several means by which preemption is analyzed, completely ignoring the most applicable such means of analysis. As described in detail in our opposition to SFSU's concurrently filed motion for partial summary judgment (Dkt. No. 30), an existing statute or regulation will be preempted if it is found to "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *California Fed. Sav. & Loan v. Guerra*, 479 U.S. 272, 280-81 (1987). In its own pleadings, SFSU concedes that Section 43404 stands as such an obstacle. Affirmative Defense No. 47 pleads compliance with Section 43404 as a complete defense to liability.

> Defendant cannot be held liable under the Rehabilitation Act for requiring Plaintiff to undertake a medical exam under Section 43404 of the California Code of Regulations.

Answer to First Amended Complaint at 15:22-24. This affirmative defense runs afoul of Congressional intent:

> [T]he existence of a lesser standard under another law will not provide a defense to failing to meet a higher standard under the ADA. 1990 House Labor Report at 135; 1990 House Judiciary Report at 69-70.

29 C.F.R. § 1630.1 App. As described in our moving papers, Section 43404 provides none of the protections for employees that are found in the ADA. It does not limit an employer's right to send an employee to a medical exam to those instances where the employer can articulate a

business necessity (*i.e.,* that the exam is "vital to the business").  42 U.S.C. § 12112(d)(1)(4); 29 C.F.R. § 1630.14(c); *Conroy v. New York State Dept. of Corr. Svcs.*, 333 F.3d 88, 97-98.  Nor does Section 43404 require an employer to show that the ensuing medical exam is actually job related (*i.e.,* limited to determining if the employee can perform the "essential functions" of the job).  42 U.S.C. § 12112(d)(1)(4); 29 C.F.R. § 1630.14(c) App.; 29 C.F.R. § 1630.2(n).[1] Because Section 43404 fails to provide those basic protections, it falls below the floor of protection guaranteed by Congress and compliance with Section 43404 stands as an obstacle to the accomplishment of Congressional intent to provide those protections.  In other words, Section 43404 "inhibit[s] the achievement of Congressional objectives."  *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1133 (9th Cir. 2005).

SFSU does nothing to address this argument.  Rather, SFSU devotes its entire opposition to the overly simplistic notion of "trust us."  In other words, SFSU asks this Court to rule as a matter of law that the administrators at the various CSU campuses can be trusted to use Section 43404 only within the confines of the ADA's protections.  SFSU cites no, and of course there can be no, authority for the proposition that Congressional intent can be sidestepped by an institutional assurance of "trust us."  Ellis is entitled to judgment on her Third Cause of Action.

## II. SFSU SIMILARLY IGNORES HOW SECTION 43404 NOW VIOLATES THE GOVERNMENT CODE'S ENABLING STATUTE

The CSU Board of Trustees can operate only where authorized by statute.  In regard to the issuance of regulations, the Government Code restricts the CSU to promulgating regulations that are "not inconsistent with the laws of this state."  Cal. Gov. Code § 89030(a).  When Section 43404 was first promulgated and then later amended in 1984, the FEHA did not contain the restrictions set forth in current Government Code § 12940(f).  So, when the CSU Board of Trustees reviewed Section 43404, the regulation was not inconsistent with any existing state law.  That circumstance changed, however, in 2000 when the Legislature passed the Poppink Act.  That law adopted wholesale the restrictions on employee medical exams set forth in the ADA.

---

[1] These same requirements are found in the California Fair Employment and Housing Act ("FEHA").  Cal. Gov. Code § 12940(f); 2 Cal. Code Regs. §§ 11071(d)(1), 11065(b),(k), (e).

- 2 -
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Because Section 43404 did not provide those same protections as Section 12940(f), Section 43404 became inconsistent with state law. At that point, Section 43404 became ineffective.

In its opposition, SFSU fails to address this argument. Nowhere does SFSU acknowledge that it's regulations are only operative to the extent they are not inconsistent with state law. Instead, SFSU focuses its argument on trying to imagine scenarios where the language of Section 43404 might not be inconsistent with Section 12940(f). In so doing, SFSU completely ignores the definitions of the key, operative words in the statutes and glosses over the import of the regulations implementing the FEHA. *E.g.* 2 Cal. Code Regs. §§ 11065(b), (k), (e) (defining "business necessity", "job related", and "essential job functions."). Those key words have meaning. They are the operative words of the statute and provide limitations on the conduct of employers such as SFSU. Section 43404 contains none of those operative words, instead leaving SFSU virtually unrestricted in its actions and employees unprotected in their jobs and their rights. Section 43404 is inconsistent with the laws of this state and cannot stand.

## III.  CONCLUSION

SFSU fails to address the key issues raised by Ellis in her motion. As such, those key issues remain unopposed and Ellis respectfully requests this Court enter judgment in her favor as to both the Third Cause of Action and Affirmative Defense No. 47.

Dated:  November 30, 2015            DUCKWORTH PETERS LEBOWITZ OLIVIER LLP


By:___/s/ Noah D. Lebowitz____,
     Noah D. Lebowitz
Attorneys for Plaintiff Linda Ellis

- 3 -
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT