United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ELLIS,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO STATE UNIVERSITY,<br><br>    Defendant. | Case No. 15-cv-02273-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

This matter came before the Court on December 14, 2015 for a hearing on the parties' cross-motions for partial summary judgment. (Docket Nos. 28, 29). After carefully considering the parties' written and oral arguments, the Court now GRANTS Defendant's motion and DENIES Plaintiff's motion as to Plaintiff's Third Cause of Action, and GRANTS Plaintiff's motion as to Defendant's Affirmative Defense No. 47.

**BACKGROUND**

The instant cross-motions for partial summary judgment are based on a pure question of law; thus, the Court need not recite the facts of the case, except as follows. Plaintiff Linda Ellis ("Plaintiff") is a former professor of Museum Studies, who was employed by Defendant San Francisco State University ("Defendant," or "the University"), and was suspended and ultimately terminated after refusing to submit to a "Fitness for Duty Independent Medical Examination." First Amended Complaint ("FAC") ¶¶ 30, 47, 55-57, 60, 62-63 (Docket No. 14).

Plaintiff refused to attend the first examination and two subsequently rescheduled examinations. She believed that being required to submit to such an examination without first being given certain information – such as the basis for ordering the examination and descriptions of the tests that would be administered – constituted a violation of her civil rights. *Id.* ¶¶ 38-44, 49, 59.

In the Notice of Dismissal sent to Plaintiff by the University's Provost Rosser, the reason for terminating Plaintiff's employment was stated as follows:

> Failure to submit to a medical examination by a physician as determined necessary by San Francisco State University is a violation of subdivision § 43404 of the California Code of Regulations Title X [*sic*]. Your repeated failure to attend the Fitness for Duty evaluations, inter alia, amounts to unprofessional conduct and failure or refusal to perform the normal and reasonable duties of the position, as those terms are used in subdivisions (b) and (f) of the California Education Code § 89535.

*Id.* ¶ 62.

Plaintiff filed suit on May 20, 2015, alleging disability discrimination, retaliation and wrongful termination, and seeking declaratory relief. (Docket No. 1). On July 7, 2015, this Court granted in part Defendant's motion to dismiss, finding that Plaintiff's Americans with Disabilities Act ("ADA") claims were barred by sovereign immunity, but that Plaintiff could amend the complaint to reallege the claims under the Rehabilitation Act. (Docket No. 13). Plaintiff filed the FAC on July 14, 2015. Defendant filed its Answer on August 7, 2015. (Docket No. 17).

The parties filed the instant cross-motions for partial summary judgment on November 9, 2015. Both parties timely filed oppositions and replies. The motions concern Plaintiff's Third Cause of Action and Defendant's Affirmative Defense No. 47. Plaintiff's Third Cause of Action, entitled "Declaratory Relief," states:

> 80. An actual controversy has arisen and now exists between the parties with respect to the application of Title 5, Section 43404 of the California Code of Regulations.
>
> 81. As described in Paragraphs 57 and 62, the Defendant contends that Section 43404 entitles it to send an employee to a medical exam any time the Defendant feels the need to determine if an employee is disabled from performing the duties of the position.
>
> 82. Ellis contends that Section 43404 is superseded by both federal law (42 U.S.C. § 12112(d)(1),(4)) and California law (Cal. Gov. Code § 12940(f)), requiring an employer prove that any medical examination of an employee be both job related and consistent with business necessity. Ellis further contends that Section 43404 sets forth a lesser standard than required by Section 12112(d)(1),(4) and Section 12940(f).

2

> 83. Section 43404 was last amended in 1984. Section 12112 was enacted by the United States Congress in 1990. Section 12940(f) was enacted by the California Legislature in 2000.
>
> 84. A determination as to the respect [*sic*] rights and obligations of the parties is necessary and appropriate under the circumstances.

FAC ¶¶ 80-84. Defendant's Affirmative Defense No. 47 states: "Defendant cannot be liable under the Rehabilitation Act for requiring Plaintiff to undertake a medical exam under section 43404 of the California Code of Regulations." Answer at 15.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 allows parties to move for summary judgment on claims, defenses, or issues. Fed. R. Civ. P. 56(a). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* At the summary judgment stage, the court may not weigh the evidence and must view it in the light most favorable to the nonmoving party. *Id.* at 255.

**DISCUSSION**

The instant motions concern a pure question of law; thus it is appropriate for these cross-motions for partial summary judgment. At issue is whether Section 43404 of Title 5 of the California Code of Regulations, entitled "Medical Examination," ("Section 43404") is superseded by the enactment of the ADA and 2000 amendments to the California Fair Employment and Housing Act ("FEHA").[1] In considering the challenge to Affirmative

---

[1] The issue of preemption or repeal of Section 43404 is a matter of first impression for this Court.

3

Defense No. 47, the Court must also decide whether the Rehabilitation Act incorporates the substantive provisions of the ADA relating to medical examinations.

## I.     Pertinent Statutes and Regulations

Section 43404 was promulgated by the Board of Trustees of the California State Universities, pursuant to California Government Code Section 89030, which gives the Board of Trustees authority to promulgate regulations "not inconsistent with the laws of this state." Cal. Gov. Code § 89030(a). Second 43404 states, in pertinent part, that "[a]ny permanent … employee may be required to submit to medical examination by a physician or physicians designated by the appointing power to evaluate whether or not the employee is disabled from performing the duties of the position." 5 Cal. Code Regs. § 43404. Section 43404 was last amended in 1984.

The pertinent section of the ADA, enacted in 1990, states: "A covered entity shall not require a medical examination … unless such examination … is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4). Federal regulations explain that the statute permits employers to require fitness for duty examinations "when there is a need to determine whether an employee is still able to perform the essential functions of his or her job," and that "[t]he term essential functions means the fundamental job duties of the employment position." 29 C.F.R. §§ 1630.14(c), 1630.2(n).

FEHA was last amended in 2000, and the language of the statute tracks the language of the ADA, stating: "It is prohibited for …an employer … to require any medical or psychological examination of an employee… [except] an employer … may require any examinations or inquiries that it can show to be job related[2] and consistent with business necessity[3]." Cal. Gov. Code § 12940(f).

---

[2] "Job-related" is defined as "tailored to assess the employee's ability to carry out the essential functions of the job or to determine whether the employee poses a danger to the employee or others due to disability." 2 Cal. Code Regs. § 11065(k).
[3] "Business necessity … means that the need for the disability inquiry or medical

4

## II. Plaintiff's Third Cause of Action.

Plaintiff contends that Section 43404 allows employers to send an employee to a medical exam any time the employer feels the need to "determine if an employee is disabled from performing the duties of the position," regardless of whether the examination is job related and consistent with a business necessity (as required by the ADA and FEHA). Pl.'s Opp'n at 3 (Docket No. 30). Therefore, according to Plaintiff, Section 43404 stands as an obstacle to the intent of the ADA and FEHA, because Section 43404 does not meet the "floor" of employee protection created by the ADA. Pl.'s Mot. at 8 (Docket No. 28); Pl's Opp'n at 1-3. Plaintiff contends that when Section 43404 was promulgated, it was consistent with "the laws of this state," but that when the ADA and FEHA were amended to include the job relatedness and business necessity requirements, Section 43404 – by not being amended to include such requirements – fell out of compliance. Pl.'s Reply at 2-3 (Docket No. 32).

Defendant, on the other hand, argues that there is no conflict between Section 43404 and the ADA or FEHA, and that all three laws can (and do) operate in harmony. Def.'s Mot. at 2 (Docket No. 29). Defendant describes the interrelationship between the laws by saying that Section 43404 is a regulation that merely authorizes the university to require fitness-for-duty examinations of its employees; the ADA and FEHA then ensure that the examination is both job-related and consistent with business necessity. *Id.* at 3.

### A. Federal Law: Conflict Preemption

A fundamental principle of the United States Constitution is that Congress has the power to preempt state law. U.S. Const. Art. VI, cl. 2. A federal statute may preempt state law expressly or impliedly, in one of three ways: (1) by express statement; (2) by occupying the field; and (3) by conflicting with state law. *Malabed v. N. Slope Borough*, 335 F.3d 864, 869 (9th Cir. 2003).

---

examination is vital to the business." 2 Cal. Code Regs. § 11065(b).

The parties agree that the only applicable type of preemption here is the third – conflict preemption – because there was no express statement by Congress in the ADA preempting Section 43404 or similar state laws; and the ADA does not occupy the field because it leaves room for federal, state, and local laws so long as they provide equal or greater protection of the rights of people with disabilities. Conflict preemption "occurs either because compliance with both federal and state regulations is a physical impossibility, or because the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Rodriguez v. United States*, 480 U.S. 522, 527 (1987).

The ADA was undoubtedly intended to establish the floor of protection for employees like Plaintiff and others filing suit under the statute. "The basic principle underlying [Section 501(b)of the ADA] is that Congress does not intend to displace any of the rights or remedies provided by other federal or [sic] laws or other state laws (including state common law) which provide greater or equal protection to individuals with disabilities." H.R. Rep. 101-485, 69-70; *see also* Cal. Gov. Code § 12926.1(a) ("Although the [ADA] provides a floor of protections, this state's law has always… afforded additional protections."). Plaintiff focuses her argument on the premise that Section 43404 "stands as an obstacle" to Congressional intent, because under Section 43404, Defendant was able to require an examination without first showing job-relatedness and business necessity, and terminated her when she refused to comply. Put another way, Plaintiff identifies one scenario where Section 43404 purportedly allowed Defendant to circumvent Congress's intent in enacting the ADA.

This is not the correct analysis. The Ninth Circuit has stated: "In applying preemption analysis, we distinguish those situations in which the concurrent exercise of a power by the Federal Government and the states … *may possibly* lead to conflicts and those situations where conflicts *will necessarily* arise." *Pac. Legal. Found. v. State Energy Res., Conserv. & Dev. Comm'n*, 659 F.2d 903, 925 n.3 (9th Cir. 1981), *aff'd sub nom. Pac. Gas & Elec. Co. v. State Energy Res., Conserv. & Dev. Comm'n*, 461 U.S. 190 (1983)

6

(citations and quotation marks omitted) (emphasis in original).  Thus, under conflict preemption, "the test is whether compliance is impossible, not whether noncompliance is possible."  *Draper v. Chiapuzio*, 9 F.3d 1391, 1393 (9th Cir. 1993).

The Court's first inquiry is whether the regulation and statutes can operate in harmony, such that they can coexist without conflict.  *Ray v. Spirit Airlines, Inc.*, 767 F.3d 1220, 1225 (11th Cir 2014) (the court must "assiduously attempt" to construe two pieces of legislation in harmony before concluding that one preempts the other).  Here, the two pieces of legislation coexist without conflict because they have different purposes and concern different parts of the medical examination process.  Section 43404 is an enabling statute – it gives the University the authority to require a fitness for duty examination, but it does not set out the protections afforded to employees.  The ADA, on the other hand, is specifically intended to protect people with disabilities.  The laws act in harmony because when an employer considers sending an employee to a fitness for duty examination, it abides by both laws.  First, Section 43404 allows the employer to order the exam and sets out procedural requirements such as required documentation and allocation of payment for the exam, as well as recourse for the employer if the employee does not comply with a properly ordered examination.  Then, the employer must ensure that the basis and scope of the examination complies with the ADA (and any other pertinent laws).[4]

Plaintiff argues that Defendant is asking the Court to simply "trust [it]," when in fact the Court cannot rely on Defendant "us[ing] Section 43404 only within the confines of the ADA's protections."  Pl.'s Reply at 3.  However, such "trust" is precisely what the Court must afford Defendant: the Court assumes that parties will follow the law, and if they do not, find them liable accordingly.  Plaintiff appears to argue that the Court should

---

[4] Because this is a matter of first impression and there are no cases on all fours for the Court to consider, it is helpful for the Court to look at the interplay of other laws and analogize to this case.  For example, California Government Code § 12502 provides authority for the California Attorney General to hire Assistant Attorneys General and Deputy Attorneys General.  It is undisputed that while Section 12502 does not provide protection for employees in the hiring process, the California Attorney General must still comply with the ADA (as well as Title VII, the ADEA, and any other relevant federal, state and local laws).

7

find a law preempted because Defendant will not follow all of the laws it is mandated to. Furthermore, the Court is unconvinced by the argument that because Section 43404 was not amended to mimic the language of the ADA when the ADA was last amended, somehow it has fallen out of step. Without the existence of an actual conflict, there is no reason to amend every regulation in a field each time a statute is amended.

Universities do not act in a vacuum – simply because Section 43404 applies to a situation does not mean that the ADA does not concurrently apply. Furthermore, it would not be proper for the Court to find conflict preemption simply because a party allegedly violated the ADA and cited Section 43404 as its reasoning; the issue is whether the regulation *requires* the University to violate the ADA. The Court finds that it does not.

### B.     State Law: Implied Repeal

The state law concept of implied repeal works in the same way as conflict preemption – if two laws "cannot have concurrent operation," one law is considered repealed by implication. *Stone Street Capital, LLC v. Cal. State Lottery Comm'n*, 165 Cal. App. 4th 109, 119 (2008). However, repeals by implication are disfavored, and will only be found if there is a clear and manifest intent by Congress to repeal or if there is an irreconcilable conflict between the regulation and the statute. *Collins v. Overnite Trans. Co.*, 105 Cal. App. 4th 171, 179 (2003); *Stop Youth Addiction v. Lucky Stores*, 17 Cal. 4th 553, 569 (1998) ("To overcome the presumption the two acts must be irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.").

"In 1992, shortly after passage of the ADA, the [California] Legislature amended the state's disability protections to strengthen California law in areas where it is weaker than the ADA and to retain California law when it provides more protection for individuals with disabilities than the ADA." *Jankey v. Song Koo Lee*, 55 Cal. 4th 1038, 1044 (2012) (internal quotation marks and citations omitted). Included in these various amendments was the Prudence K Poppink Act, which amended FEHA to include the "job related" and "consistent with business necessity" language of the ADA.

8

As with federal law, under state law the Court's first inquiry when considering whether a law is repealed by implication is whether the regulation and statutes can operate in harmony. *See Stop Youth Addiction*, 17 Cal. 4th at 569 ("The courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together."); *Collins*, 105 Cal. App. 4th at 178, 180; *Williams v. Super. Ct.*, 230 Cal. App. 4th 636, 658 (2014) (laws "must be construed together, and effect given, if possible, to both"). Here, as above, the Court finds that Section 43404 and FEHA can operate in harmony because they serve different purposes and act concurrently.

The Court notes that finding no preemption or implied repeal does not leave Plaintiff without recourse for any wrongdoing by the University. Whether the particular examination Plaintiff was subject to was job related or consistent with a business necessity still remains to be found. However, Plaintiff's appropriate challenge is against the examination itself; not Section 43404.

## II.  Defendant's Affirmative Defense No. 47

Plaintiff contends that "[b]y pleading compliance with Section 43404 as an affirmative defense, [Defendant] has conceded that Section 43404 stands as an obstacle to the ADA." Pl.'s Opp'n at 4. Defendant argues that Affirmative Defense No. 47 only states that the Rehabilitation Act, unlike the ADA, is inapplicable to the subject matter of fitness-for-duty evaluations. However, the way Affirmative Defense No. 47 is written suggests that Section 43404 acts as a shield to the Rehabilitation Act; thus to decide whether Affirmative Defense No. 47 may stand, the Court must first decide whether the Rehabilitation Act incorporates the medical examination protections of the ADA.

The 1992 amendment to the Rehabilitation Act states: "The standards used to determine whether [§794] has been violated in a complaint … shall be the standards applied under title I of the [ADA]…." 29 U.S.C. § 794(d). As this Court noted in its previous Order granting in part Defendant's motion to dismiss, "there is a split of authority regarding the extent of the Rehabilitation Act's incorporation of the ADA due to the fact

1  that the Rehabilitation Act only refers to the 'standards' of the ADA." *Ellis v. San
2  Francisco State Univ.*, 2015 WL 4111405 at *2 (N.D. Cal. July 7, 2015). The majority of
3  cases addressing the issue of incorporation of the ADA into the Rehabilitation Act
4  consider incorporation of procedural limitations. Here, the procedural limitations of the
5  ADA are not at issue; rather, Plaintiff argues that substantive provisions of the ADA are
6  incorporated in the Rehabilitation Act.

7  The Ninth Circuit case *Fleming v. Yuma Regional Medical Center* suggests that
8  Courts should not find that the Rehabilitation Act incorporates all of the provisions of the
9  ADA "jot for jot," but rather should selectively incorporate provisions so long as they do
10 not restrict the scope of the Rehabilitation Act. 587 F.3d 938, 943 (9th Cir. 2009) (even
11 though the ADA did not apply to independent contractors, the Rehabilitation Act might);
12 see also *Adams v. D.C.*, 740 F. Supp. 2d 173, 181-83 (D.D.C. 2010), aff'd in part, 618 F.
13 App'x 1 (D.C. Cir. 2015) (surveying approaches by different courts in D.C. Circuit).

14 The *Fleming* Court stated: "When Congress said that the Rehabilitation Act should
15 use the "standards" applicable to employment discrimination claims brought under Title I,
16 we think Congress meant for us to refer to Title I for guidance in determining whether the
17 Rehabilitation Act was violated, but we do not think that Congress meant to restrict the
18 coverage of the Rehabilitation Act." *Fleming*, 587 F.3d at 943. Some courts interpret
19 "standards" to include "powers, remedies and procedures," while others limit the definition
20 to standards of liability.

21 Here, the Court finds that the job related and business necessity requirements of the
22 ADA are "standards" for purposes of the Rehabilitation Act. Incorporating these
23 requirements does not restrict the scope of the Rehabilitation Act, and including the
24 requirements is necessary to correctly determine liability under Title I of the ADA; thus
25 the requirements are included in the Rehabilitation Act. *See, e.g., Scott v. Napolitano*, 717
26 F. Supp. 2d 1071, 1084-86 (in action where no claims were asserted under the ADA, but
27 claims were asserted under the Rehabilitation Act, the court analyzed whether job
28 relatedness and business necessity were present in medical inquiries).

10

For these reasons, the Court finds that the Rehabilitation Act incorporates the job relatedness and business necessity requirements of medical examinations, such that Defendant's Affirmative Defense No. 47 cannot assert Section 43404 as a defense to liability under the Rehabilitation Act.

## CONCLUSION

For the reasons stated above, Court GRANTS Defendant's motion for partial summary judgment and DENIES IN PART Plaintiff's motion as to Plaintiff's Third Cause of Action. The Court finds that the Third Cause of Action cannot stand as a matter of law, because Section 43404 exists in harmony with the ADA and FEHA, and thus the laws do not conflict.

The Court GRANTS IN PART Plaintiff's motion for partial summary judgment, finding that Affirmative Defense No. 47, as written, purports to use Section 43404 as a shield from liability under the Rehabilitation Act, and therefore cannot stand as a matter of law.

**IT IS SO ORDERED.**

Dated: 12/22/15 _____
THELTON E. HENDERSON
United States District Judge